to the Fifth Circuit. This panel for the first case is not the same as it will be for the final three cases, so we'll have a brief recess after the first. Judge Wiener has graciously filled in for one of our panel members on this first case. The lighting system is a key feature of this. We want to hear your arguments, but we also want to hear the next case's arguments and the ones after that, so when the red light comes on, you need to stop, and we will give you any extra time that we may think is appropriate, but probably will not. So we take the first case of the day, United States v. Batres. Mr. Katera, and you can tell me how to pronounce your client's name. I'll pronounce it like you did. I haven't checked with him, though. May it please the Court? Mr. Bennett, I'd like to address two issues this morning. First of all, I'd like to suggest that Mr. Batres' guilty plea should be vacated because the object offense to which he admitted in the factual basis carries a lesser punishment range than the object offense to which he did not admit. The second issue I'd like to address, given that five of our arguments have to do with whether or not Mr. Batres should be held accountable for violent conduct engaged in others, what are the objective criteria, based on case law, that the Court should look at in determining, in a situation like this, whether the assaultive conduct engaged in by others was something that was within the scope of his agreement? Factual basis, our argument is that the indictment alleged two object offenses in the conspiracy account to which he pled. We argue that he admitted to the inducing underage girls to perform commercial sex part, but he did not admit to the forced threats statute offense. Government says it doesn't matter. As long as the factual basis supports one of the object offenses, that's enough. Here's why in this case it doesn't, in my opinion. These object offenses have a guideline punishment ranges. The inducing underage girls has a base offense level of 30, a statutory range of 10 to life. The forced threats offense has an offense level of 34, and a statutory range of 15 to life. The Bush case, the Tenth Circuit case that I cited in my principal brief, is an example of that, where they couldn't tell whether he had, I can't remember if it was a jury verdict, or a, I couldn't tell whether he pled to powder cocaine or crack. And so they said, well, if we can't tell, we've got to do one of two things. We're either going to vacate the plea, or we're going to, if the government agrees to it, let him be sentenced, resentenced, but only under the lower range. The cases the government cites in response are jury verdict cases, where a jury found somebody guilty of a conspiracy that alleged multiple objects, and it was unclear based probably because we just had a general guilty form without any special verdict form to tell what they, which object offense they were unanimous on, or even if they were unanimous. Even in those cases, and I've cited, I filed a supplementary list of authorities on Monday. I found out yesterday, after I got here, that that list had been stricken. I, the Fifth Circuit rules for all argument require you to file it. I attached parentheticals, thinking that would be helpful. That made it exceed the word limit. I'm advising the court right now that I intend to refile that without the parentheticals, so that it will come in under the word limit. So I'm not going to, I'm not going to sit here and cite a bunch of cases today. I'm hoping that you'll be able to see where I'm, where I got what I'm, where I'm arguing here. But, okay, in my list of supplemental authorities, I cite the three cases where we have jury verdicts that are ambiguous, and in each one of those, the court said, okay, we've got to do one of two things here. We've got to vacate the conviction, or we've got to let him go back and be resentenced under the, under the lower range. Okay, moving on here, point two. Before you leave that point, insofar as the supplemental authorities is concerned, you filed that under Rule 28J, which allows filing of authority that has been handed down since the date of your original brief. Your filing contained sort of a new line of cases that are not recent cases, and that's why it's dismissed. So removing the parentheticals is not going to help. You'll just have to do the best you can with the I will say the, the rule, and it's not a rule. It's just a instruction to CJA panel attorneys about preparing for oral arguments as if you have additional authorities filed. I understand . . . There may well be ways to do that. I'm not telling you otherwise, but it's not under Rule 28J. Okay, okay. All right. Thank you for that. I will, I will not, I won't refile that. I'll still go ahead and say this though. Right. I appreciate you mentioning that. I was not aware of that. I will look into whether there's any kind of disconnect between the guidance given to you and our . . . Well . . . . . . approach. I understood at the time, I understood at the time I filed it that I was going to exceed the 350-word limit, and the government correctly pointed out that I did exceed it. But it just said additional authorities. It did say that if you're going to file it, file under Rule 28J, and I understand that I'm not sure how those . . . in that situation, how they reconcile with each other. But . . . Okay. Objective criteria then for determining whether somebody like Mr. Batres . . . Okay. Well, first of all, there are offenses that you can agree to if you're a co-conspirator that because of the inherently violent nature of the offense, you're going to be held accountable for what other folks do that's violent, whether you specifically agreed to it or not. One of those is set forth in the commentary of 1B1.3. It's the getaway driver, he's outside, somebody assaults a bank teller, and the commentary says because the assault on the teller was within the scope and in furtherance of the jointly undertaken criminal activity, the robbery, and it was reasonably foreseeable. Then he's held accountable for that. And there are other cases. Kidnapping would be one, I think, that's . . . But what about a situation where, like what Mr. Batres admitted to, that is, inducing underage girls to engage in commercial sex? That's not inherently violent. Perhaps the other prong would be inherently violent, but I would say that one's not. What can the court look at, then, in those situations? And I came across five things the court can look at based on cases I looked at. One is, did, in this case, Mr. Batres intentionally encourage any of the other co-defendants who did this? Of course, the answer is no, based on PSR and what he admitted to. Secondly, was he a right-hand man? Was he always there with these folks? Did he always go everywhere they went? Of course, I'd argue the answer in this case is no. Did he actually aid in a bet in some of the assaulted behavior? Again, no evidence of that. Was he in charge? Was he one of the main leaders of this entire conspiracy? And again, the answer is no, based on what the precinct's report says. And last, had he observed any of these folks engaging in this behavior and then continued to bring girls in contact with these folks? That would be another objective criteria the court could look at to determine whether or not what they did was something that he was in, within the scope of what he agreed to. And again, and I would point out, and I'm citing here from paragraph 26 of the precinct's report, although there are general summaries in the precinct's report that say he agreed and he knew about and this sort of thing. Paragraph 26 says this, as such, only those women and girls where there is sufficient evidence to hold the defendants accountable for such activities are included for guideline purposes. The information regarding those identified victims is detailed below. So, you know, despite some general language, the precinct's report restricts itself to the accounts given by victims in whether these guideline calculations apply or not. And let's see, there are five folks that I could find, six folks, that engaged in violent behavior as set forth in the precinct's report. Jose William Quintanilla, Augustin Torres, Ramiro Soto, Francisco Platez, and Walter Zalkit. The sixth one, Hugo Alexander Melendez-Gonzalez, is the only individual in the precinct's report that is shown to have been in any association with Mr. Batres. And the only association listed in the precinct's report is that he was a driver for it. There's no indication at all that Mr. Batres ever witnessed any of this, that he encouraged it, that he participated in it, ever. The only paragraphs in the precinct's report that I can see that address the association between these two individuals, paragraphs 56 and 61. And unless there are any more questions, I yield back the rest of my time. You concede that your plea, your attack on the plea is subject to plain error review? I do. So what is your argument that this brings to judicial proceedings? What's your prong for argument that this? He tried to withdraw his guilty plea. Basically, and I don't, this, apparently Mr. Batres entered his guilty plea the morning of trial. He, the judge was, and I use the word browbeaten in the brief, when the judge was asking him, you know, whether he agreed or not, he hesitated and the judge said, look, you either did or didn't. He said, yes, I did. He attempted to withdraw his guilty plea within 30 days. Obviously, it's not in the record. He's filed other stuff and sent me letters and that sort of thing, says he's not guilty, and I'm not suggesting that's neither here nor there because it's not a matter of record. My point is that I think that's, that is an indication that we've met the burden if he had been convicted and correctly advised, he would not have entered his guilty plea. So, but I want to probe that because your core point is that he pled, but ultimately he pled to the provision that leads to a 10-year minimum, not the 15-year minimum. But do I understand correctly, he was sentenced to 330 months? Yes. It's a well above either. Well, he was, and that's because... So what I'm trying to figure out is why does this matter and how do you satisfy prongs three and four of plain error? Well, had the calculations been correctly performed in my analysis, his sentencing range would have been, I can't remember now, I don't have my brief, 80 to 120 months as opposed to 330, and the cases I've cited in there suggest that's plain error. I'm sorry, you're suggesting that he should have been sentenced to 80 to 120? Let me, let me not, let me not just guess at it here. The reason I ask is I thought, and maybe I apologize if I misunderstood, I thought you were saying that he should have been subject to merely a 10-year minimum sentence. Well, okay, I guess I would say there's plain error analysis as to whether or not his guilty plea was voluntary or not, which was our first issue, and then I would say there's a separate plain error analysis as to whether the guideline calculations were correct or not. Here's what I, based on my calculations, I would argue the correct sentencing range should have been 87 to 108 months. The pre-sentence report's advisory range was 292 to 365, and he got 330. So, you say it should have been 87 to 108 months, and that's why this satisfies prong 3, that's why it mattered to his rights. Yes, sir. How do you justify that when I think you've admitted that he's subject to a 10-year mandatory minimum? I think I'm doing my math right, right? Well, and I, that's a good question. If he got a 10-year mandatory minimum, that would be 120 months. That's still way less than 330. I guess that's my off-the-cuff answer. All right, counsel, thank you. May it please the court, counsel, Richard Bennett on behalf of the United States. In this case, your honor, the government would request that the court affirm Mr. Botcher's sentencing conviction to dismiss this appeal for several reasons. First, the factual basis is sufficient to support the plea of guilty, as conceded by Mr. Botcher in his brief, and he has not shown upon plain error why that factual basis is insufficient. And while I'm on this point, I'd like to address a statement counsel made that the sentencing for 1591 was different and it had different mandatory minimums. First, I agree with your honor about it doesn't make a difference because those are mandatory minimums, but secondly and more importantly, the conspiracy statute upon which he was convicted is found under 1594C, which contains the sentence of imprisonment a term of years up to life. And then it refers to the substance of offense, which is a means of committing that conspiracy. And in this case, there are two different means of committing the conspiracy, which is conspiracy to commit sex trafficking with a minor or sex trafficking involving the use of fraud, forfeiture, or coercion. So what counsel's argument really centers on is relevant conduct, which brings me to my second point of why this case should be affirmed. In order to even get to what counsel was discussing on these factual allegations, we have to get past the plea agreement, the waiver of his right to appeal, which has not been breached. I mean, counsel didn't address it at this point, but in order to get to what he's saying in these factual allegations, you have to get past the waiver of appeal in the plea agreement. Now, counsel, in his brief, states that the government breached the plea agreement, specifically the acceptance of responsibility provision in the plea agreement, when at sentencing, the government, right before the judge was about to pronounce the global sentence, reminded the court that Mr. Botches had filed a motion to withdraw his guilty plea and denied all criminal culpability in this offense. Now, the PSR did not give him acceptance of responsibility. Nobody objected to that. And the court adopted the PSR with that objection. Both sides had already allocated, and the court was about to pronounce its sentence at 330 months when the government said, reminded the court that he had filed that motion to withdraw the guilty plea. Now, counsel tries to construe that as an argument against acceptance of responsibility, but the government's duty to not oppose acceptance was never triggered because, one, he never got acceptance, he didn't object to not getting acceptance, and by filing that motion to withdraw his guilty plea, denying criminal culpability, he did not qualify for acceptance as contemplated under the guidelines. So even if this was a comment on his not getting acceptance of responsibility, the government's duty was never triggered to not oppose acceptance. So, therefore, there's no breach of the plea agreement, and all these other sentencing issues cannot be reviewed because the plea agreement has not been reviewed, and he waived appeal. Next, Mr. Botches argues that the district court violated the plea agreement when it did not allow him to withdraw his guilty plea under Rule 11c1a and b. And finally, his argument that independent, ineffective assistance of counsel claim, we argue that that should be dismissed as well because the factual, the underlying record was never adequately developed to bypass the rule of non-review in this court as for ineffective assistance of counsel claims. Now, I'd like to turn back to the factual basis argument. The factual basis, as stipulated and conceded by Mr. Botches, is sufficient to support the factual basis in the plea agreement stated that he did commit sex trafficking of minors. And that in itself is sufficient to support his conviction. Now, the cases that he cite involving different offenses, there was no different offense in this case in conspiracy because conspiracy has its own statute. Even so, even if this were a case where there was an ambiguity in the plea agreement, in fact sufficient enough to sustain a conviction under conspiracy to commit sex trafficking involving forced fraud or coercion. And in this case— Let me interrupt you a second. Yes, Your Honor. If the plea agreement waives appeal, why are we here? That's a good question, Your Honor. I don't think—I think there are only two dispositive issues in this case. One, the factual basis. If the factual basis was insufficient, it doesn't matter if the appeal waiver was valid or invalid. You still have to have a sufficient factual basis. And he concedes that. So the conviction itself should be sustained, period. End of story. And the second part, there's no demonstration that there's a breach of the plea agreement and therefore that's the end of the story too. And I agree with the Court. I don't understand why we're here because he has not demonstrated in the plain error that there was a breach of the plea agreement. And so therefore, since the plea agreement is valid and the waiver is valid, all of these sentencing issues and relevant conduct do not come into play in this case. And that includes the restitution. That includes his arguments of aggravating role. That includes the findings by the Court, his argument that the Court did not make individualized findings. That includes all these arguments. So I don't think he's established under plain error that there was any breach. And I agree with the Court that there's no reason to be here and that his conviction should be affirmed and sentencing affirmed and his appeal dismissed. But why don't you go ahead anyway? I'm sorry, Your Honor? Why don't you go ahead with your argument anyway? Yes, sir. Now, I know in counsel's brief, he brings up 1B1.2 as a basis for saying there's an ambiguity in the plea agreement. However, 1B1.2 under the sentencing guidelines discusses where there's multiple offenses alleged in a conspiracy count. Here, the conspiracy count is 1594. There are not multiple different offenses alleged in the conspiracy count. There's different means of committing this offense of the conspiracy. And the cases that are cited under 1B1.2d deal with multiple offenses such as, in the Bush case, cocaine or cocaine-based. And the reason those are important is because under a drug conspiracy, under 846, the sentence has to be attached to what the drug was under 841. And that makes a difference because under 841, you have different drugs which under different amounts could trigger different mandatories and maximum sentences. And that's the purpose of 1B1.2d. If there's a verdict of guilty or the court finds somebody guilty and there's different offenses alleged in the indictment, the court needs to go in and clear that up. But again, we don't have that here. There's no ambiguity. Conspiracy is its own statute under sex trafficking, and it contains its own sentences. So there's no threat of having the court give an illegal sentence because it involves different statutory, mandatory minimums or maximums. So basically, the factual basis is sufficient to sustain the conviction. There's no breach of the plea agreement, so we don't breach the relevant conduct. The court did not violate the plea agreement by continuing under C1A and B. Mr. Botris in his argument states that the district court did not allow him to withdraw his guilty plea, but that argument is baseless because the court advised Mr. Botris at the time of rearrangement that this was a C1A and B plea. And under A, the court can allow him to withdraw his plea if it didn't dismiss the remaining counts, which the prosecution did, so that's satisfied. And under B, he advised the defendant that he could not withdraw his guilty plea if the defendant had any sentencing request, recommendation, induction, or policy for sentencing or guideline provision. And that rule specifically states the court is not bound by that. So, there's no real basis to his argument that the court violated the plea agreement. And finally, the ineffective assistance of counsel claim lacks merit because the factual record in the district court has not been adequately developed. Unless the court has any further questions, I'll yield my time and rely on the arguments in our briefing. All right, counsel. If I understand counsel correctly, he's saying that the issue of whether the factual basis satisfies one substantive offense but not the other is irrelevant given that he pled to conspiracy. This is 1B.1.2 of the guidelines, subsection D. A conviction on account charging conspiracy to commit more than one offense shall be treated as if the defendant had been convicted on a separate count of conspiracy for each offense that the defendant conspired to commit. Well, that's my answer to the fact to why these need to be separated out and analyzed  And maybe counsel didn't mean to infer this, but a factual basis argument is not affected by a waiver of appeal. I can still make that argument irrespective of whether he's waived appeal or not. Counsel says that the government's duty was never triggered because counsel never, the government's duty to not oppose was not triggered because counsel wasn't granted acceptance of responsibility. That's a far cry from arguing against. When you come out and affirmatively argue against acceptance of responsibility, that's very different from simply sitting there mute and letting everything go on by. Was any objection made or any issue made at the time of sentencing about acceptance of responsibility? Was that raised with the district judge or was it overlooked? Well, again, this is plain air review because defense counsel Right, so what I'm saying is, as the government pointed out, you may see it differently. Their statement about you haven't dealt with the motion to withdraw the guilty plea yet, that's what you're relying on, is it not, about not accepting responsibility? That's the evidence that they were not That's the evidence that the court relied upon But it served a different purpose. You may think they were sort of using it for two purposes, but still was a legitimate purpose to be saying that. It does seem to me that that's a very strong argument undermining what you're saying. Okay, and I guess I'm not suggesting that the court should have granted him acceptance of responsibility. What I'm suggesting is that twofold. Number one, if the government breaches the plea agreement, then the plea agreement, which includes the waiver of appeal, is ineffective. My only point in raising that is to make the waiver of appeal move off here and not be counted so that we can get to all the other issues. And I don't have to demonstrate, and I made this argument in my reply brief, I don't think I have to show that his substantial rights were affected. I would have to show that if I was trying to withdraw his guilty plea and ask for specific performance or the other remedy, I can't remember what it is off the top of my head, I would have to show his substantial rights were affected, not to make the waiver of appeal unenforceable. That would be my argument. And again, if the court chose not to grant acceptance of responsibility based on the fact that he tried to withdraw his guilty plea, there's case law that supports that. I'm not arguing that. But every defendant that enters a guilty plea in federal court, not counting those who entered Alford pleas, does so because he's going to get three points off. We all know that. Even though the agreement doesn't say that, that doesn't imply we all know that. Maybe we don't. I'm suggesting we do. Well, do you get two or three points off if, after doing that, does what your client did and really did not accept? I understand that. But if the plea agreement included an implicit term that the court was going to grant it and then the court didn't, the issue is not whether the court had legal grounds not to grant it, because the court did. But the court didn't follow the plea agreement, in which case the waiver of appeal provision in the plea agreement doesn't bar making all my other arguments about relevant conduct and whether or not he should be held accountable. But it does affect acceptance of responsibility. And I don't – absolutely, absolutely. Again, I – So where do your two or three points go? Well, my objective in raising – I'm out of time. I'll finish the sentence. Go ahead. My objective in raising the waiver of appeal arguments or the breach of plea agreement or the government, whatever, or the court not enforcing the plea agreement is to get past the waiver of appeal provision in the plea agreement, period. All right, counsel. Thank you both. As indicated, we will have a change in the panel, so we'll take a brief recess for that.